JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3572 | **DATE** | 9-1-00 |
| **CASE TITLE** | Pedro Ruiz v. David Herrea, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' motion for summary judgment [10] is granted, and this action is dismissed in its entirety, with prejudice. Defendants' motion to strike the affidavits of Pedro Ruiz and Michael Jones [19] is granted in part and denied in part. Plaintiff's motion for leave to file an amended complaint [21] is denied.

(11) ■ [For further detail see attached order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices 3 |
| | Notices mailed by judge's staff. | | SEP 06 2000 date docketed |
| | Notified counsel by telephone. | | |
| X | Docketing to mail notices. | | docketing deputy initials UU |
| X | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 SEP -1 AM 11:36 | 22 |
| | Copy to judge/magistrate judge. | | SEP 06 2000 date mailed notice |
| CLH courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials UU |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS

| | |
|---|---|
| PEDRO RUIZ ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 99 C 3572 |
| ) | |
| DAVID HERREA, ANTHONY TORRES ) | Judge Ronald A. Guzman |
| CHICAGO POLICE DEPARTMENT ) | |
| JOHN DOES ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pedro Ruiz, currently an inmate at the Joliet Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Chicago Police Officers David Herrera[1] and Anthony Torres (hereinafter referred to as "defendants") repeatedly beat him with their fists and nightsticks when they arrested him on May 16, 1997. Defendants have filed a motion for summary judgment, claiming that the statute of limitations bars Ruiz's cause of action. Ruiz has responded to the motion and moved to file an amended complaint.

DOCKETED
SEP 0 6 2000

## BACKGROUND FACTS

According to Ruiz's complaint, about 1:00 a.m. on May 16, 1997, Chicago police officers gave chase to Ruiz, who was allegedly driving a stolen car. While on the Kennedy expressway, Ruiz allegedly fatally struck a construction worker. The chase ended at 740 N. Wells Street. When Ruiz ran from the car, defendants tackled him. Ruiz submitted to the arrest by placing his

---

[1] Officer David Herrera's name is spelled "Herrera," not "Herrea" as captioned in the complaint. The court will accordingly use the correct spelling of his name.

1



hands behind his back to let the defendants hand-cuff him. After they hand-cuffed him, the defendants repeatedly beat him with their fists and nightsticks in the head and body. Ruiz was taken to Columbia Grant Hospital where he was treated for multiple scalp lacerations, multiple contusions, and injuries to his right forearm. He received eight stitches to his head and underwent a CT brain scan.

According to defendants' Local Rule 56.1(a)(3) Statement of Uncontested Facts, Ruiz's complaint alleging excessive force against defendants arises from his arrest on May 16, 1997. (Exhibit A, pgs. 6-8, ¶¶ 1, 4-7.) Ruiz was incarcerated at the Joliet Correctional Center on May 11, 1999, which is the same date on which he signed his complaint. (Exhibit I, Exhibit A. pg. 2, Sec. I, pg. 10.)

Ruiz completed a Request for Payment form on May 22, 1999, in order to mail his complaint. (*See* Request for Payment form, attached as Exhibit C; Affidavit of Jackqula Alston, ¶13, attached as Exhibit E.)

Ruiz's complaint, along with the Request for Payment form, were received in the Joliet Correctional Center mailroom on May 24, 1999, and the Request for Payment form was stamped "Received May 24, 1999." (*See* Mailroom Entry Log, attached as Exhibit D; Exhibit C; Exhibit E, ¶ 15.)

On May 25, 1999, the Joliet Correctional Center mailroom placed postage on Ruiz's mail directed to the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604 and mailed Ruiz's complaint that day. (Exhibit B; Exhibit E, ¶ 18.)

The Clerk of the Court received Ruiz's complaint on May 26, 1999. (*See* Certified Copy

2

of Plaintiff's Envelope to U.S. Dist Ct. N.D. IL, attached as Exhibit B; Exhibit A, pg. 1.)

Ruiz admits to defendants Statement of Facts but gives additional facts pursuant to Local Rule 56.1(b)(3)(B).

Ruiz states that his only access to a photocopier is in the prison library. (Exhibit A, ¶ 3.) In May, 1999, the schedule for an inmate with an assignment to go to the prison library was Saturday mornings from 8:00 a.m. to 11:30 a.m. (Exhibit A, ¶ 3.) In May 1999, Ruiz was assigned five days a week, Monday through Friday, from 8:00 a.m. to 2:30 p.m. as an inmate barber. (Exhibit A, ¶¶ 4, 5.) As a result, his scheduled day for the library was Saturday mornings. (Exhibit A, ¶ 5.)

Ruiz signed his complaint on May 11, 1999, which was a Tuesday. (Exhibit A, ¶¶ 6, 7.) On Saturday, May 15, 1999, he was escorted to the library to obtain copies of his complaint. (Exhibit A, ¶¶ 9, 10; Exhibit B, ¶ 3.)

The photocopier was jammed, so Ruiz left his complaint with Librarian Paralegal Carlitta Tucker to copy. (Exhibit A, ¶ 10; Exhibit B, ¶5.) Tucker did not return Ruiz's complaint and photocopies to him until Saturday, May 22, 1999, after the statute of limitations had expired. (Exhibit A, ¶ 11; Exhibit B, ¶ 8.) On the same day that he received the copies, Ruiz paid $3.30 for his photocopies, and he promptly signed the $2.97 money for postage and mailed his complaint and the appropriate number of copies to the court. (Exhibit A, ¶ 12.)

## **LEGAL STANDARD**

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material

to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. However, the facts are construed in the light most favorable to the nonmoving party and all inferences are drawn in his favor. *Holtz v. J.J.B. Hilliard W.L. Lyons, Inc.*, 185 F.3d 732, 738 (7th Cir. 1999).

## DISCUSSION

Defendants argue that Ruiz's complaint is time barred because he did not tender his complaint to prison officials for mailing until May 22, 1999, six days after the statute of limitations expired on May 16, 1999.

The statute of limitations for § 1983 actions arising in Illinois is two years. *See Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D. Ill. 1989).

Although state law governs the length of the statute of limitations, federal law governs the accrual date of the cause of action. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A claim generally accrues when the plaintiff knows or has reason to know of the injury. *Id.* Ruiz

obviously was aware of his injury when he suffered it. He does not contend, for example, that he was unconscious or comatose for a length of time after the officers allegedly beat him; in fact, he states that he told the treating physician that he received his injuries when the police officers hit him. (Complaint, p. 7.) Ruiz's cause of action therefore accrued on May 16, 1997. *See also Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998) (application of excessive force violates the Constitution and is immediately actionable).

Ruiz dated his complaint May 11, 1999–five days before the statute of limitations would have run. Defendants argue, however, that this is not the controlling date; rather, the date that controls is the date on which Ruiz tendered his complaint to prison officials for mailing, that is, May 22, 2000–six days after the statute of limitations expired.

In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that a prisoner files his notice of appeal at the time he delivers it to prison authorities for forwarding to the court. *Id.* at 276. The Seventh Circuit has assumed, but not expressly decided, that the *Houston* "mailbox rule" extends to other *pro se* prisoner filings. *See Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (applied the rule to a petition for habeas corpus); *Simmons v. Ghent*, 970 F.2d 392, 392 (7th Cir. 1992) (applied the rule to a Rule 59(e) motion). The Fourth and Fifth Circuits have extended the *Houston* "mailbox rule" to cover Section 1983 claims. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 736 (4th Cir. 1991). These rulings extending the "mailbox rule" are consistent with the notion that *pro se* prisoners do not have the same access to the court system as other litigants, and in order for justice to be served, their papers should be considered filed when given to prison officials. *Jones*, 171 F.3d at 502; *Cooper*, 70 F.3d at 379; *Lewis*, 947 F.2d at 735.

5

Moreover, the Local Rules of this Court appear to have extended the *Houston* "mailbox rule" to *pro se* prisoner filings when the inmate also files an *in forma pauperis* application with his complaint. Local Rule 3.3(d) of this Court provides in pertinent part:

> (d) Date of filing. If the judge grants the IFP petition, the complaint shall be filed as of the date of the judge's order except that where the complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint shall be deemed to have been filed:
>
> (1) in the case of any plaintiff in custody, as of the time of the plaintiff's delivery of the complaint to the custodial authorities for transmittal to the court; . . .

Judge Ann C. Williams granted Ruiz's *in forma pauperis* application on June 17, 1999. LR 3.3(d) accordingly applies to this complaint, and this court must determine when Ruiz delivered his complaint to the custodial authorities for transmittal to the court.

To bolster their argument that Ruiz did not tender his complaint to a Joliet Correctional Center official for transmittal to the court until May 22, 1999, defendants have proffered Ruiz's Request for Payment form, which he completed on May 22, 1999, in order to mail his complaint. (Defendants' Exhibit C.) They also tendered the Affidavit of Jackqula Alston (Defendants' Exhibit E), a Correctional Clerk II, who has been employed by the Joliet Correctional Center for 20 years. Ms. Alston stated that since March 1999 she has supervised employees who accept out going mail from inmates and the processing of that mail. She then described in detail the system which has been in effect for at least the past 11 years for accepting and processing outgoing mail from inmates.

In the first step of this process, an inmate completes a Request for Payment form in his living unit. A staff member witnesses the inmate complete the form, and then signs his or her

6

name on the "Witness" line. The form is then attached to the item of mail for which postage is needed, and the prisoner is responsible for ensuring that both items are placed on cell bars in his living unit. A correctional officer then comes around, takes the item for mailing and the Request for Payment form from the cell bars, places it into a mail bag, and delivers it to the mailroom. It is this step that is determinative for when an inmate delivers his filings because after he places his Request for Payment form and mail on the cell bars and a correctional officer picks it up, the inmate no longer has any control over the delivery of his filings. Any number of factors, not relevant here, could cause delay in the filings reaching the court. It is the possibility of these delays that prompted the Supreme Court to proclaim the *Houston* "mail box" rule and other courts to extend that ruling to other filings by prisoners.

Turning to Ruiz's Request for Payment form (Defendants' Exhibit C), Ms. Alston states that the form indicates that portions of it were completed on May 22, 1999, by Pedro Ruiz, Inmate Number B42477, an inmate at Joliet Correctional Center. Ruiz dated this Request for Payment form on May 22, 1999, entered his Housing Unit, signed his name, and wrote his Inmate Number, in conjunction with mail he intended to send out. Correctional Officer Ward witnessed Ruiz complete these portions of the form, and Ward then sign his last name and employee number on the "Witness" line. *See* Defendants' Exhibit C.

After considering all of defendants' exhibits, the court concludes that Ruiz tendered his complaint for filing to prison authorities on May 22, 1999, six days after the statute of limitations expired. Absent some tolling of the statute of limitations, this action is time barred.

In his response to the motion for summary judgment, Ruiz claims that he exercised due diligence in filing his complaint and that the statute of limitations is therefore subject to equitable

7

tolling. Ruiz explains that he completed his complaint on May 11, 1999, but could not get to the library until May 15, 1999, to have it copied. The copier was jammed, however, so he left his complaint with the librarian paralegal to copy. She did not return his complaint and copies until May 22, 1999. Ruiz immediately filled out his Request for Payment and delivered the complaint to prison officials for mailing.

Citing *Singletary v. Continental IL Nat. Bank*, 9 F.3d 1236, 1241 (7th Cir. 1993), Ruiz asserts that the doctrine of equitable tolling permits him to sue after the statute of limitations has expired because he was unable to file his complaint sooner through no fault or lack of diligence on his own part. Specifically, he claims that the statute of limitations should be tolled until the time he obtained his complaint and the copies from the librarian paralegal. Citing *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998), he avers that, pursuant to the requirements of the doctrine, he got his litigation under way promptly after the circumstance justifying the delay was no longer present, that is, he presented his complaint to prison officials for mailing on the same day that he received his complaint and the copies back from the librarian.

Ruiz miscomprehends the doctrine of equitable tolling. Under this doctrine, a plaintiff is given more time to sue because, despite all due diligence, he cannot obtain vital information about his suit. *Delgado-Brunet v. Clark*, 93 F.3d 339, 343 (7th Cir. 1996), *citing Wolin v. Smith Barney Inc.*, 83 F.3d 847, 852 (7th Cir.1996). Ruiz already had the information necessary to bring his action on May 11, 1999. All he lacked were the copies of his complaint for service of summons on the defendants.

Although he has not expressly argued it, Ruiz appears to be claiming that having the copies was essential to his bringing suit. This, however, is not the case.

8

Rule 5(e) of the Federal Rules of Civil Procedure provides:

> (e) Filing with the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. *The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.* (This court's emphasis.)

The Advisory Committee Notes to the 1991 Amendment of Subdivision (e) explain why this last sentence was added:

> Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court.

Although Ruiz did not have copies of his complaint, he could have tendered his complaint to prison officials for mailing within the statute of limitations. The clerk of the court would have accepted the complaint for filing even though the requisite number of copies did not accompany it. It is unfortunate that Ruiz appears to have been under the mistaken impression that sending the copies along with his complaint was essential to having the action filed, but the doctrine of equitable tolling simply cannot be stretched to accommodate a delay in receiving copies.

Courts have recognized the difficulties *pro se* prisoners may encounter in filing their actions in a timely manner. The *Houston* "mailbox rule" was created so that a prisoner's action

9

would not be deemed time barred because of some delay over which he had no control. Rule 5(e) of the Federal Rules of Civil Procedure was amended so that a litigant's action would not be extinguished simply because he did not file it with the clerk of the court in proper form. However, "a prisoner may not rely on 'expected, albeit unpredictable' delays associated with prison life in seeking equitable tolling ...." *Casas v. United States*, 88 F.Supp.2d 858, 861 (N.D. Ill. 1999) (illness and transit between various institutions and hospitals deemed not to equitably toll statute of limitations). *See also Posada v. Schomig*, 64 F.Supp. 2d 790, 796 (C.D. Ill. 1999) (inadequate assistance from prison law clerk does not establish extraordinary circumstances warranting equitable tolling). Ruiz appears to have known well in advance when he could go to the library and get copies. Instead of preparing his complaint several weeks before the statute of limitations expired so that he would have plenty of time to get copies, which as discussed earlier, was not essential to filing his complaint, he waited until the last day to attempt to copy his complaint. Unfortunately, photocopiers frequently jam, and this is simply not the type of delay a prisoner may rely on in seeking equitable tolling.

For the foregoing reasons, the court finds that Ruiz filed his complaint on May 22, 1999, six days after the statute of limitations expired. The court further finds that the delay in getting his complaint copied does not constitute the type of extraordinary circumstance that would toll the statute of limitations. This action is accordingly time barred.

Defendants have also filed a motion to strike the affidavits of Pedro Ruiz and Michael Jones. The court grants the motion as to the affidavit of Michael Jones because it constitutes hearsay in that Jones relates statements he heard Ruiz make to the librarian and vice versa. The court denies the motion as to the affidavit of Pedro Ruiz because Ruiz relates what he heard the

librarian say to him and his schedule as to library time. These appear to be things within his personal knowledge and not hearsay. The court notes that if the statements related in these affidavits would have affected the outcome of this case, that is, could have lent strength to Ruiz's argument that the statute of limitations should be equitably tolled, then the court would have appointed counsel so that these facts could be brought to the court's attention properly.

Ruiz has also filed a motion for leave to file an amended complaint. Although the amended complaint includes a number of exhibits to buttress Ruiz's allegation that the police officers used excessive force when they arrested him, it does not change the fact that this action is time barred. His motion for leave to file an amended complaint is accordingly denied as futile. *See McGee v. Kerr-Hickman Chrysler Plymouth, Inc.*, 93 F.3d 380, 385 (7th Cir. 1996).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted, and this action is dismissed in its entirety, with prejudice. Defendants' motion to strike the affidavits of Pedro Ruiz and Michael Jones is granted in part and denied in part. Plaintiff's motion for leave to file an amended complaint is denied.

**SO ORDERED**             **ENTERED:**

*[signature]*

**HON. RONALD A. GUZMAN**

**United States District Judge**